# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LLOYD'S LONDON A/S/O BUCHANAN** | : | |
| **RIGGING & HAULING, INC., et al.,** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED FINANCIAL CASUALTY** | : | |
| **COMPANY,** | : | **No. 12-2063** |
| **Defendant.** | : | |

## MEMORANDUM

**Schiller, J.**                                                                            **June 28, 2012**

Lloyd's, London ("Lloyd's"), as subrogee of Buchanan Rigging & Hauling, Inc. ("Buchanan") and assignee of Debbie Zechman, sued United Financial Casualty Company ("United Financial"), seeking indemnification and bad faith damages under an insurance policy. Currently before the Court is United Financial's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted in part and denied in part.

## I.      BACKGROUND

In February 2008, an employee of Debbie's Flag Car Service was involved in an accident while driving the escort car for an oversized load transported by Buchanan. (Compl. ¶ 5.) The escort car passed under an overhead bridge without incident, but Buchanan's vehicle struck the bridge, damaging the vehicle and its cargo. (Def's Mot. to Dismiss ¶ 5.)

Zechman, the owner of Debbie's Flag Car Service, was insured by United Financial for "damages . . . for bodily injury [and] property damage, . . . for which an insured becomes legally responsible because of an accident arising out of the ownership, maintenance or use of an insured

auto." (Compl. ¶ 4.) By letter dated August 13, 2009, United Financial denied coverage for the accident because it did not arise from the "ownership, maintenance or use of an insured auto." (*Id.* ¶ 9.)

Buchanan was insured under a policy issued by Lloyd's and was paid $124,386 for damages resulting from the accident. (*Id.* ¶ 6.) In September 2011, Lloyd's filed a tort action as Buchanan's subrogee against Zechman in the Philadelphia Court of Common Pleas. (*Id.* ¶¶ 6-7.) Lloyd's obtained a default judgment against Zechman in the amount of $143,846.91. (*Id.* ¶ 8.) United Financial contends that Zechman never notified it of Lloyd's suit against her. (Def.'s Mot. to Dismiss ¶ 12.) On March 20, 2012, Lloyd's initiated an action for breach of contract and statutory bad faith damages against United Financial in the Philadelphia County Court of Common Pleas, which United Financial removed to this Court.

## II.    STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers & Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assocs.*, 237 F.3d 270, 272 (3d Cir. 2001). "But a court need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion

to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Simply reciting the elements will not suffice. *Id.*; *see also Phillips*, 515 F.3d at 231.

The Third Circuit Court of Appeals has directed district courts to conduct a two-part analysis when faced with a Rule 12(b)(6) motion. First, the legal elements and factual allegations of the claim should be separated, with the well-pleaded facts accepted as true but the legal conclusions disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must make a commonsense determination of whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *Id.* at 211. If the court can only infer the mere possibility of misconduct, the complaint must be dismissed because it has alleged—but has failed to show—that the pleader is entitled to relief. *Id.*

If the allegations in the complaint establish that the claims were brought outside the statute of limitations, the claims are subject to dismissal for failure to state a claim. *White v. The Hon Co.*, Civ. A. No. 11-4919, 2012 WL 1286404, at *2 (E.D. Pa. Apr. 13, 2012); *Stratton v. Nieves*, Civ. A. No. 11-7410, 2012 WL 1156113, at *1 (E.D. Pa. Apr. 6, 2012) ("Generally, a statute of limitations defense must be raised in an answer, not under a Rule 12(b) motion. However, under the law of the Third Circuit, defendants may raise a limitations defense under Rule 12(b)(6) if 'the time alleged in

3

the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" (quoting *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002))).

## III.    DISCUSSION

United Financial contends that: (1) Plaintiff's bad faith claim falls outside of the statute of limitations, and (2) Plaintiff's claims should be dismissed because Zechman failed to provide notice of the September 2011 lawsuit, a condition precedent to coverage.[1]

### A.    Statute of Limitations for Bad Faith Claims

United Financial asserts that Lloyd's bad faith claim under 42 Pa. Cons. Stat. § 8371 should be dismissed as time-barred. The statute of limitations for a statutory bad faith claim is two years. *Ash v. Cont'l Ins. Co.*, 932 A.2d 877, 885 (Pa. 2007). The statute of limitations begins to run when the insurer first provides definite notice of a refusal to provide coverage. *See Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223-25 (3d Cir. 2005) (citing *Adamski v. Allstate Ins. Co.*, 738 A.2d 1033 (Pa. Super. Ct. 1999)). Lloyd's argues that the statute of limitations began to run when the default judgment was entered against Zechman because she suffered no harm until that point. However, Plaintiff relies solely on general statements of law in support of its contention, ignoring the insurance cases directly on point. Given the Third Circuit's holding in *Sikirica,* this position is untenable.

The statute of limitations began to run on August 13, 2009, when United Financial initially denied coverage. Lloyd's filed its bad faith claim on March 20, 2012, more than two years later.

---

[1] United Financial also argued in its motion to dismiss that Plaintiff relied on an unexecuted assignment from Zechman. Lloyd's attached the executed assignment to its response; thus, the Court need not address this argument.

Therefore, the bad faith claim is barred by the statute of limitations and must be dismissed.

       **B.    Failure to Comply with the Policy's Notice Provision**

The insurance policy issued to Zechman by United Financial provided that the insured must "promptly send [United Financial] any and all legal papers relating to any claim or lawsuit." (Compl. Ex. A [Policy] at 1.) United Financial argues that Zechman's failure to comply with this provision, coupled with the resulting prejudice to United Financial, bars Lloyd's from any recovery. Lloyd's responds that Zechman was not required to provide notice of the lawsuit to United Financial because, by the time the lawsuit was filed, United Financial had already disclaimed coverage.

An insured is excused from complying with a notice provision after the insurance company has disclaimed coverage. *Slater v. General Cas. Co. of Am.*, 25 A.2d 697, 699 (Pa. 1942); *see also Strickler v. Huffine*, 618 A.2d 430, 438 (Pa. Super. Ct. 1992) ("[A]n insured is not forced to slavishly pursue useless compliance with technical policy requirements once an insurance company has denied coverage.").

Once United Financial denied coverage to Zechman, it could not rely on the policy's notice provision as a condition precedent to coverage. Accordingly, United Financial's motion to dismiss will be denied as to Plaintiff's remaining breach of contract claim.

**IV.    CONCLUSION**

For the reasons stated above, the Court will grant the motion to dismiss as to Plaintiff's bad faith claim and deny the motion as to Plaintiff's breach of contract claim. An Order consistent with this Memorandum will be docketed separately.